Moore *v.* Schrader.

Filed December 12, 1895.

---

· No. 1,719.

## MOORE *v.* SCHRADER.

HARMLESS ERROR.—*Evidence.—Shipping Orders and Way-bills.*—Admission in evidence of shipping orders and railway way-bills of goods purchased by defendant of plaintiff, to show that he actually received the goods, if error, is harmless, where defendant admits having received the same.

EVIDENCE.—*Sale on Credit.*—Evidence that defendant and his wife purchased goods of other persons in his own name and on his own credit, to be used in a sanitarium, of which he was manager, is admissible to show that the goods in suit were sold to and on defendant's credit.

From the Marion Superior Court.

*Pickens & Cox*, for appellant.

*Harding & Hovey*, for appellee.

LOTZ, J.—The appellee sued the appellant to recover the value of certain goods alleged to have been sold and delivered, and recovered judgment in the court below.

The only questions presented for consideration on this appeal relate to the rulings of the court in permitting the appellee to give in evidence certain transactions between the appellant and other persons not parties to this action.

The appellee gave evidence which tended to prove that the goods in controversy were sold to and on the credit of the appellant, and that the negotiations therefor were made through appellant's wife, as his agent, and that he directed her to make the purchases.

The appellant's contention was (and he gave evidence which tended to support it) that he was the manager of the Spencer Sanitarium Company, a corporation, and that the goods were purchased for the corporation and on its credit, and not for himself personally.

The court permitted the appellee to give evidence over the appellant's objection of other transactions to the effect that about the same time the goods in controversy were purchased, the appellant and his wife made purchases of goods of other persons in his own name and on his own credit to be used in the Sanitarium.

The general rule is that independent and disconnected occurrences and transactions which do not bear directly upon the issues are irrelevant, and should not be admitted in evidence. But to this rule there are exceptions; as where there is a system or method of doing business running through various similar trans-

actions, and occurring about the same time inde-pendent transactions may have a tendency to show the method and the intention and purpose of a party concerning the fact in issue.

Thus even in criminal cases, where the crime charged is one of a series of similar transactions, evidence of the other independent acts may, under certain circumstances, be admitted to prove the offense charged. *Card* v. *State,* 109 Ind. 415; 1 Wharton Ev., sections 29, 42; Wharton Crim. Ev., sections 29, 32, 34; Greenl. Ev., section 53.

And when the question is whether one person acted as agent for another on a particular occasion, the fact that such person so acted on another similar occasion, is deemed to be relevant for the purpose of establishing the agency.   *Barnett* v. *Gluting,* 3 Ind. App. 415; *Hitchens* v. *Ricketts,* 17 Ind. 625.

Under the circumstances of this case, there was no error in admitting the evidence complained of.

Complaint is also made of the ruling of the court in admitting in evidence the shipping orders and railway way bills of the goods bought of the appellee.

The appellee had the right to show that the appellant had actually received or come in possession of the goods purchased.   Whether or not the way bills and shipping orders tended to prove the fact that appellant received the goods, we need not decide, for the appellant admitted having received the goods.   It was only the capacity in which he received them that was in dispute.   This evidence, even if not admissible, was harmless, under the circumstances of this case.

Judgment affirmed.

Filed December 13, 1895.