JAMES B. JOHNSON, Respondent, v. E. O. PARKER, Appellant.

**St. Louis Court of Appeals, January 2, 1901.**

1. **Promissory Note:** SUIT AGAINST CO-MAKER: INDORSER BECOMES CO-MAKER, WHEN. On the back of two notes made payable to M were written, "demand, notice and protest waived," and immediately thereunder in ink the words, "H. May, E. O. Parker," and in pencil "818 Security Bldg. Co-Maker." The evidence shows that Parker wrote his name after May did, and at a different time, and had no knowledge when the words "demand, notice and protest waived" had been written: *Held*, that the words "demand, notice and protest waived" contained a contract that bound all who subscribed to them, and by their force he became, in a legal sense, a comaker, and was properly sued as such.

2. ———: ———: ———: ALTERATION, NONE. There was no alteration within the meaning of the law, for neither the identity of the contracts expressed by the notes, nor their legal effect, was changed by the words added in pencil.

Appeal from the St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge.

AFFIRMED.

*Warwick Hough* and *Joseph W. Lewis* for defendant.

(1) One who signs his name on the back of a note, after it has been indorsed by the payee, becomes an indorser, and by his contract is entitled to notice of the failure of the maker to pay at maturity. Parol evidence can not be introduced to vary this contract. It speaks for itself. Houser v. Newman, 65 Mo. App. 367; Kingman v. Cornell-Tebbetts Mfg. & Buggy Co., 150 Mo. 301; Rodney v. Wilson, 67 Mo. 123; Richey v. Dameron, 48 Mo. 61; Biglow v. Cotter, 13 Gray, 309; 7 Daniel on Neg. Inst. (4 Ed.), pp. 560-561; Tiedeman on Com. Paper, note to sec. 270, p. 451; Martin v. Coles, 104 U. S. Sup. Ct. Rep. 30. (2) The indorsements of negotiable paper are separate, several and independent contracts, and not the joint contracts of all the indorsers. Any special modification of the contract which the rules of commercial law imply from a blank indorsement, can only affect the liability of the indorser making such modification. Hence, a waiver of demand, notice and protest by the first indorser of a negotiable promissory note, which appears in his handwriting and above his signature, is a modification of his contract, and of no other. The contract of a second indorser is affected in no way by such a waiver, and the law still requires notice of presentment and non-payment of the notes upon maturity to fix the liability of such an indorser. 1 Daniel on Neg. Inst. (4 Ed.), secs. 1092-1092a; Tiedeman on Com. Paper, sec. 303; Parsons on Notes and Bills, pp. 610 and 611; Morrison v. Smith, 13 Mo. 234; Christian County Bank v. Goode, 44 Mo. App. 134; Central Bank v. Davis, 19 Pick. 373; Jacobs v. Gibson, 77 Mo. App. 244.

*Fauntleroy, Howe & Fauntleroy* for respondent.

Plaintiff insists that the law is, that every person who puts his name to the indorsement on the back of a note, "demand, notice and protest waived," is bound thereby and becomes a party thereto.   Parshley v. Heath, 69 Maine, 90; 2 Daniel on Neg. Inst. (3 Ed.), p. 136, sec. 1092a; (4 Ed.), p. 137.   "But if such waiver were originally indorsed on the back of the instrument, it would seem that each indorser would be bound up by it, as a part of the instrument."   Farmers' Bank v. Ewing, 78 Ky. (1 Rodman), 266.   See note of 2 Daniel on Neg. Inst. (3 Ed.), p. 136, sec. 1092a.

BOND, J.—This action was begun before a justice by the purchaser, for value and before maturity, of two notes for $250, made by W. H. Parker, payable to the order of H. May, each dated May 12, 1898, and due, respectively, in ninety days, and four months, thereafter.   On the back of both of these notes appeared the following indorsements:
"Demand, Notice and Protest waived.
"H. May,
"E. O. Parker,
"818 Security Bldg., Co-Maker."
There was a trial before the justice, from whose decision E. O. Parker appealed to the circuit court.   On the trial there, the evidence was conflicting as to whether the words on the back of the notes just above the names of the two indorsers were there at the time such names were subscribed, plaintiff's testimony tending to prove the affirmative, and defendant's tending to show the negative of this proposition.   The evidence disclosed that the words "818 Security Bldg., co-maker," were penciled additions to the notes made by plaintiff when he filed them as his causes of action in the justice's court, and done at the suggestion of the justice.   There was no evidence of pro-

test and notice of dishonor of the notes.    From a judgment for plaintiff, E. O. Parker perfected his appeal to this court.

1.    In speaking of the relationship of parties to bills and notes, it is aptly said by Judge Bliss: "The settled law in regard to this matter is that if the note be negotiable in form, and made so in fact by the indorsement of the payee, then all other indorsers, unless the contrary be stipulated, are held as such; but if the note be non-negotiable, or be not indorsed by the payee, then, in the absence of an express agreement, the original indorsers are to be treated as makers." Kuntz v. Tempel, 48 Mo. l. c. 76.    To the same effect Bank v. Payne, 111 Mo. 299-300.    As the entire evidence shows that the payee of the notes in suit indorsed each of them before E. O. Parker wrote his name on their backs, it is evident, under the foregoing rule, that E. O. Parker was merely an indorser of said notes and released from all liability thereon for want of notice of non-payment, unless he is bound by the terms of the waiver of "demand, notice and protest" under which his name and that of the payee on the notes are written. It is contended by the learned counsel for appellant that this superscription was only a part of the contract of the first name, that of the payee, and it was no part of the contract of the other name, E. O. Parker, written under it.    In support of this contention it is urged that indorsements to bills and notes, while embodying the obligations imposed by the terms of the instrument, are yet as to each other separate and independent contracts.    This proposition is undoubtedly correct, and if the waiver of demand, notice and protest, above the two names on the back of these notes, had been in terms applied to the contract of the first signer only, there could be no doubt that it would not have affected the contract of the second subscriber.    Such, however, is not the import of the language used.    There is nothing in the terms employed to indicate or

signify that they were referable only to the undertaking of one and not the other subscriber. On the contrary, the language used is "demand, notice and protest waived," followed immediately by two signatures, H. May, E. O. Parker, the one immediately under the other, and in close juxtaposition. These terms naturally express the contract of all who subscribe to them. They are not in the first person singular as in the examples given of contracts obligating only the first of a series of indorsers (Daniel on Neg. Instruments [4 Ed.], sec. 1092a), but they are plural in meaning, and hence justly applicable to any number of persons signifying assent to the stipulations expressed by them. We are bound to assume that the subscribers to this language were aware of its import and application to their names, and in the absence of any avoidance thereof by other words or by the location of signature, that they intended to contract as the writing subscribed by them stipulated. This is the only inference that can be fairly and naturally drawn from the act of an ordinarily intelligent person in putting his name under that of another directly over which a contract, inclusive of obligations for two or more, is written. Parshley v. Heath, 69 Maine, l. c. 91. In view of this conclusion as to the applicability of the contract of waiver of demand, notice and protest, to each of the two names subscribed to it, and in view of the evidence adduced by plaintiff tending to prove that such superscription was upon the back of the note when E. O. Parker indorsed it, the court did not err in overruling defendant's demurrer to the evidence on the theory that his superscription to said contract was no evidence of assent to its terms by him.

II. It is insisted that the penciled words "818 Security Bldg., co-maker" after defendant's name, put there by plaintiff at the request of the justice when the notes were filed as causes of action, constituted such an alteration of the notes as

nullified the obligation of defendant E. O. Parker. It is the settled law of this State that an alteration of commercial paper which changes its identity or legal effect, made by the holder or party to be benefited without the consent of the party to be charged, extinguishes the liability of the latter. McMurtrey v. Sparks, 71 Mo. App. 126; Kelly v. Thuey, 143 Mo. l. c. 434; First National Bank v. Fricke, 75 Mo. 178. The facts in this case, however, take it out of the category of those governed by this rule, for neither the identity of the contracts expressed by the notes nor their legal effect was changed by the words added after the name of defendant. The evidence is that the notes were filed in their original state by plaintiff, in the office of the justice where the suit was begun, as the basis of the action; that the justice desired to know the address of defendant E. O. Parker and the character in which he was sought to be held, and directed plaintiff, who was acting as his own attorney, to put the notation in pencil, which should inform him (the justice) on these points. In accordance with such request, the words set out above were written after defendant's name by plaintiff, who did not claim that they were written by defendant as a part of his contract when he indorsed the notes, but admitted that he, plaintiff, added the words simply for the information and at the request of the justice. Under these circumstances it is evident that the words in question are wholly distinguishable from the notes, as such, upon which they were affixed, and that they were written by plaintiff, not to bind the defendant, but only to indicate plaintiff's theory of the causes of action arising upon the notes and to point out the place where the defendant could be served with process. It was clearly the duty of plaintiff in the justice's court to state, either orally or in writing, the manner in which he sought to hold the defendant E. O. Parker liable (Barnett v. Nolte, 55 Mo. App. 184), and while this might have been

done by a more formal pleading, there does not seem to be any insuperable objection to its having been indicated by a notation on the notes which the statute makes of themselves a sufficient statement of causes of action. R. S. 1899, sec. 3832. Taking it, therefore, from these facts that plaintiff sued defendant E. O. Parker as a co-maker of the notes, the question arises whether the evidence warranted a recovery upon that theory? The waiver of demand, notice and protest *fixed* the liability of defendant. It then became as *unconditional* as that of a signer or maker of the notes, and while his mere indorsements of the notes did not make him a technical co-maker, yet he became liable as such by the contract of waiver of the rights of an indorser, which we hold was made by him if he subscribed his name (as the jury found he did) to such written waiver. It follows that the entire evidence did authorize the recovery against defendant upon the theory of the cause of action shown by the words pencilled on the notes by plaintiff after they had been filed.

Our conclusion is that there is no reversible error in the record and the judgment is accordingly affirmed.

Judge *Bland* concurs; Judge *Biggs* concurs in result.