SAN ANTONIO TRACTION COMPANY v. DAVID E. HIGDON.

Decided December 1, 1909.

**1.—Evidence—Relevancy—Practice.**

During the progress of a trial the pleadings alone can be looked to to determine the relevancy of evidence offered by either party. After the introduction of evidence is closed and the issues made by the evidence determined, if any evidence has been admitted which either party deems irrelevant to the issues submitted by the charge or prejudicial to him on the issues, such party should move the court to instruct the jury to disregard such evidence in arriving at their verdict.

**2.—Same—Traction Company—Negligence.**

In a suit against a street car company for damages for personal injuries received by a female passenger when alighting from one of defendant's cars, plaintiff alleged that it was the duty of the defendant's conductor to assist female passengers in alighting from the car, that the conductor failed to do so in the present instance, and that such failure was negligence which proximately caused the injuries. Held, that said pleading warranted the admission of testimony as to the duty of the conductor, over objection that it was irrelevant, immaterial and incompetent.

**3.—Same—Rule of Defendant—Testimony.**

Testimony that a rule of a street car company made it the duty of its conductors to assist lady passengers in alighting from the cars and that such rule was recognized and enforced by the company, was not subject to an objection that it was an opinion of the witness, the witness having knowledge of the fact from his relation to the company.

**4.—Charge—Personal Injuries.**

It is a cardinal rule that in construing a charge it must be taken and considered as an entirety, and the whole may be looked to in determining the meaning of any of its parts. In a suit for damages for personal injuries received while alighting from a street car, charge considered and held, when taken as an entirety, not subject to the objection that it did not limit the jury to the consideration of only such injuries as were shown by the evidence.

**5.—Preponderance of Evidence.**

A preponderance of evidence relates to a state of mind in the jury trying a case; it must be the resultant of the consideration and weight given by the jury to the testimony; such a state of mind may be engendered by the testimony of a single witness as against many others.

**6.—Personal Injuries—Verdict not Excessive.**

A verdict for $7,500 damages for personal injuries received while alighting from a street car, held not excessive under the evidence.

Error from the Thirty-seventh Judicial District, Bexar County. Tried below before Hon. Edward Dwyer.

*Ogden, Brooks & Napier,* for plaintiff in error.—On the issue that no facts were shown imposing the duty of assisting plaintiff's wife to light: Thompson on Negligence, secs. 2845-2847; Missouri, K. & T. Ry. Co. v. Buchanan, 31 Texas Civ. App., 209.

On the question as to error in admitting testimony on an immaterial issue: Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347.

The fifth paragraph of the charge is erroneous in that it does not require the jury to limit the plaintiff's compensation in estimating the damages to the injuries directly received, if any, as the result of defendant's negligence, but authorizes the jury to take into consideration and allow plaintiff damages for all the injuries alleged in plaintiff's petition. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; St. Louis S. W. Ry. Co. v. Smith, 63 S. W., 1064; Houston, E. & W. T. Ry. Co. v. Adams, 44 Texas Civ. App., 288; International & G. N. R. Co. v. Garcia, 117 S. W., 206; Texas & N. O. R. Co. v. McCoy, 117 S. W., 447; Texas Central Ry. Co. v. Brock, 88 Texas, 310.

The court erred in overruling defendant's amended motion for new trial, because the verdict and judgment are contrary to the overwhelming preponderance of the evidence, in this: The great preponderance of the evidence shows that the plaintiff's wife, Susan I. Higdon, was

not thrown and injured by defendant's car starting up while she was in the act of alighting, but shows that she alighted from the car while same was in motion and before it had come to a stop.

*H. C. Carter, Perry J. Lewis,* for defendant in error.

NEILL, ASSOCIATE JUSTICE.—This is an action brought by David E. Higdon against the San Antonio Traction Company to recover damages for injuries alleged to have been committed by the negligence of the defendant upon Susan I. Higdon, the plaintiff's wife.

The negligence averred in plaintiff's petition is as follows:

"That heretofore, to wit, on or about the 1st day of October, 1907, the said Susan I. Higdon was a passenger upon one of defendant's street cars, which was being propelled by the means of electricity, and when said car had reached a point on San Pedro avenue and at or near the corner of Macon street, in the city of San Antonio, defendant's employes in charge of said cars stopped them for the purpose of permitting passengers to alight; that thereupon the said Susan I. Higdon attempted to alight from said cars, and while she was in the act of alighting defendant's employes in charge of said cars, without giving her a reasonable time to alight, negligently caused or permitted said cars to be suddenly moved or started, and by reason of such start or movement the said Susan I. Higdon, while she was in the act of alighting, was thrown with great violence to the pavement and severely injured as hereinafter stated; that the said Susan I. Higdon was in the exercise of all due care to prevent injury to herself, and her injuries were directly caused by the aforesaid negligence.

"Plaintiff avers that the said Susan I. Higdon informed the conductor of the car of her intention to alight at Macon street, and the said conductor caused said car to stop for her to alight, and he knew, or by the exercise of ordinary care would have known, that she was alighting from said car, and it was the duty of defendant's conductor, who was upon the car upon which the said Susan I. Higdon was a passenger, to have assisted the said Susan I. Higdon, who was a passenger, to have alighted from said car, but notwithstanding said conductor had every opportunity to have so assisted the said Susan I. Higdon, he negligently failed to perform such duty, and had such duty been performed, notwithstanding the negligent manner in which the car was moved, as aforesaid, the accident might have been averted, and this negligence, without any fault on the part of the said Susan I. Higdon, contributed to produce the accident and injuries aforesaid."

The defendant answered by a general denial and by a plea of contributory negligence. The case was tried before a jury and the trial resulted in a judgment for $7,500 in favor of the plaintiff.

*Conclusions of fact.*—The evidence is reasonably sufficient to prove the facts alleged in the first paragraph, above quoted from plaintiff's petition, and that the plaintiff was damaged by reason of such negligence of the defendant in the amount assessed by the verdict. The evidence upon which these conclusions are based will be recited and to some extent discussed in considering the assignments of error.

*Conclusions of law.—First:* The first and second assignments of error, being cognate, are grouped and presented together in defendant's brief. They are as follows:

1. "The court erred in overruling defendant's objection to the following question asked the witness Albert Coy, to wit: 'Q. Now, on this line, is it the duty of conductors to assist ladies in alighting?' The defendant's objection thereto being that the same was irrelevant, immaterial and incompetent, and as calling for an opinion of the witness; and in permitting said witness to answer over said objection: 'A. Yes, sir.'"

2. "The court erred in overruling defendant's objection to the following question propounded to the witness Albert Coy, by the plaintiff's counsel, to wit: 'Q. Then it is the duty of conductors on defendant's line, and was at that time, to assist ladies in alighting from street cars?' The defendant's objection thereto being that the same was irrelevant, immaterial and incompetent, and called for an opinion of the witness on a matter that was for the jury to pass on, and in permitting said witness, over said objection, to answer: 'A. Yes, sir.'"

Under them are asserted these propositions:

1. "Under the facts of this case, the question as to whether it was not the duty of conductors to assist ladies in alighting from street cars, was wholly irrelevant and immaterial, and it was prejudicial to the defendant to admit this testimony on such an immaterial issue."

2. "That plaintiff's own testimony showed that at the time of the accident the plaintiff's wife was apparently a strong, healthy woman, and no facts were shown to impose on the defendant any duty of assisting her to alight, and it was error to admit testimony on such an immaterial issue."

It is said by Blackstone, that "Evidence signifies that which demonstrates, makes clear, or ascertains the truth of the very point in issue, either on the one side or on the other; and no evidence ought to be admitted on any other point." And Mr. Greenleaf says: "We state as the first rule governing in the production of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue." Facts in issue are those facts upon the truth or existence of which the right or liability to be ascertained in the proceeding depends, and facts *relevant* to the issue are facts from the existence of which inferences as to the truth or existence of the facts in issue may justly be drawn. The meaning of the word relevant, as applied to testimony, is that it directly touches upon the issue which the parties have made by their pleadings, so as to assist in getting at the truth of it. (Platner v. Platner, 78 N. Y., 90.) It is not necessary, however, that it should in itself bear directly upon the point in issue, for if it be but a link in the chain of evidence tending to prove the issue by reasonable inference, it may nevertheless be relevant. (Schuchardt v. Allens, 1 Wall., 359; Hunter v. Harris, 23 N. E., 626; Huntington v. Attrill, 23 N. E., 544.)

From these elementary principles it logically follows that to determine the relevancy of evidence the pleadings of the parties must first be looked to for the purpose of ascertaining the issue. During

the progress of the trial it can not be told until all the evidence is in what facts alleged will be submitted to the jury; for when the evidence is closed an alleged state of facts may be so indisputably and clearly proved or so clearly not proved as to warrant the court in assuming in its charge, as a matter of law, its existence or non-existence, as the case may be. But the court's determining in this manner what issues of fact will, under the evidence, be submitted to the jury, can not serve as a test for determining the relevancy of evidence introduced or offered upon the trial. Such test can only be the pleadings of parties, for it is from them the issues of fact and of law primarily arise.

When this test is applied to the evidence complained of by these assignments, it seems too clear for argument that it was relevant as well as material to the issues of fact alleged in the second paragraph, copied herein from plaintiff's petition. If defendant deemed that such allegations did not state a cause of action it should have, by exceptions to that part of the petition, invoked the ruling of the court as to its sufficiency. If, when the court in its charge failed to present the theory or phase of the case to which such evidence related, the defendant deemed such evidence irrelevant to the issues presented by the charge, and as prejudicial to it on such issues, it should have moved the court to instruct the jury not to regard or consider such evidence in arriving at their verdict. The rule is that, if evidence is admitted on the trial by a jury, either without an exception or properly under objection, which for any reason should not be considered by the jury, the party objecting to its consideration should ask the court to instruct the jury to disregard it. (Platner v. Platner, *supra;* Holmes v. Moffat, 120 N. Y., 163.)

*Second:* The third and fourth assignments are each presented as a proposition, and under all of them are advanced the same propositions that were advanced under the two assignments just disposed of. Of these two, the first complains of the court's permitting the witness, Albert Coy, over defendant's objections, to testify that it was one of the written rules of the defendant company that its conductors must assist ladies in alighting from street cars; and the second, of allowing him to testify that the duty of assisting ladies from the street cars was recognized and enforced by the company on its road. The objections over which the testimony was admitted are, that it was irrelevant, immaterial, incompetent, and called for an opinion of the witness on matters that should be passed upon by the jury. As to the written rule of the company testified to, it will be noticed that the objection did not go to the degree of the evidence but to its relevancy, materiality and general competency. If it had been objected that it was incompetent because the writing was the best evidence, such evidence might have been introduced, or its absence satisfactorily accounted for. What we have said in disposing of the first two assignments applies equally to the objections that the evidence embraced by the assignments under consideration was irrelevant and immaterial. When it was introduced it was both relevant and material to the issues involved by the second paragraph quoted from plaintiff's petition. When the court omitted such issues from its charge the de-

fendant, then, if it deemed such testimony prejudicial, should have asked the court to instruct the jury not to consider it.

The objection that the evidence referred to in the fourth assignment called for an opinion of the witness on matters that should be passed upon by the jury, has no force. That the rule making it the duty of defendant's conductors to assist ladies in alighting from its cars was recognized and enforced by the company on its road, was not as to an opinion but as to a fact, which, from the relation of the witness, and his employment, to the defendant was well known by him. No opinion was expressed as to the duty of the company to its passengers to adopt and enforce such a rule. This would have been a mixed question of law and fact for the jury to determine from the evidence, under proper instructions from the court, and it would have been improper for a witness, unless perhaps an expert, to express an opinion upon it. But when such an issue is involved as appeared from plaintiff's pleadings, it is competent to show, as evidence tending to prove the affirmative of such issue, that such a rule was in vogue and enforced by the company, which was all the plaintiff sought to do by the introduction of the evidence complained of. But as the issue was withdrawn by the court's charge, the introduction of such evidence would not affect the case as to issue submitted, and, as before stated, if the defendant deemed it harmful, the court should have been requested to instruct the jury to give it no consideration in arriving at their verdict.

*Third:* The fifth assignment complains of the fifth paragraph of the charge, which is as follows:

"If you find for the plaintiff and believe from the evidence that Susan I. Higdon received any of the injuries alleged in plaintiff's petition, then you should allow plaintiff such sum as you believe from the evidence will be a fair compensation for the injuries alleged and sustained, if any; and in estimating the damages you may allow, if any, you may take into consideration the mental and physical pain, if any, suffered by the said Susan I. Higdon by reason of said alleged injuries, if any; and if you believe from the evidence that said alleged injuries of the said Susan I. Higdon, if any, are permanent and will diminish and impair her capacity to labor and perform service, then you may allow such sum as you believe from the evidence will be a fair compensation for such diminished capacity, if any, to labor and perform services in the future."

The objections urged to it are: (1) That it does not require the jury, in estimating the damages, to limit plaintiff's compensation to the injuries directly received as the result of defendant's negligence, but authorized them to take into consideration and allow him damages for all injuries alleged in his petition; (2) that it was calculated to confuse and mislead the jury and induce them to believe that in fixing the amount of damages they were not confined to such injuries as were proximately caused by defendant's negligence, but could consider any injuries alleged in the petition, and (3) that the paragraph authorized the jury to allow damages for injuries which no evidence was introduced to prove.

It is a cardinal rule that in construing a charge it must be taken

and considered as an entirety, and the whole may be looked to in determining the meaning of any of its parts. If a part of it should be detached from the entire instrument and we were not allowed to look to the context to discern its meaning, the fragment might bear an entirely different meaning from that which would be clear and unmistakable if read in connection with the context. As is said in some case, "If it were permissible to break up a sentence and take its meaning from a part, it could be proved by holy writ that there is no God, for it is written in the Bible, 'The fool hath said in his heart there is no God.'" The same may be said of any written instrument if one of its paragraphs should be severed from its preceding and subsequent paragraphs. The sum total of the objections to the part of the charge complained of is that it does not limit the jury to the consideration of such injuries alleged as were shown by the evidence. We think this would be an overstrained construction of the paragraph in question if standing alone, unaided by any other part of the charge. It seems to us that to the ordinary mind, unused to critical dissection, its meaning would clearly appear that it limits the jury to the consideration of such injuries alleged as were shown by the evidence to have been inflicted upon plaintiff's wife; and that, in estimating the damages, no other injuries, though alleged, than those proved by the evidence, could be considered by the jury. But be this as it may, when the entire charge is looked to there can be no doubt that the paragraph in question is not obnoxious to any of the objections interposed. The third paragraph, which submits the issue of negligence, is as follows:

"If you believe from the evidence that on or about the 1st day of October, 1907, plaintiff's wife, Susan I. Higdon, was a passenger on one of defendant's cars; and if you further believe from the evidence that when the car had reached a point on San Pedro avenue where it is intersected by Macon street, that said cars stopped to give passengers an opportunity to alight; and if you further believe from the evidence that when said car stopped, if it did stop, plaintiff's wife attempted to alight, and that while she was in the act of alighting said car suddenly started up without giving plaintiff's wife a reasonably sufficient time to alight; and you further believe from the evidence that by reason of said car starting up, if it did start up, plaintiff's wife was thrown down and received any of the injuries alleged in plaintiff's petition; and you further believe from the evidence that defendant's employes in charge of said car were guilty of negligence in failing to stop said car a reasonable time for plaintiff's wife to alight, if they did so fail, and were guilty of negligence in starting said car while plaintiff's wife was in the act of alighting, if they did so start it, and such negligence, if any, directly caused any of the injuries alleged in plaintiff's petition, and you further find that plaintiff's wife was not guilty of any contributory negligence, then I charge you that your verdict must be for the plaintiff."

Now, construing the fifth paragraph in the light reflected upon it by the third, it is apparent that the sentence, "If you find for the plaintiff, and believe from the evidence that Susan I. Higdon received any of the injuries alleged in plaintiff's petition, then you should allow plaintiff such sum as you believe from the evidence will be a fair

compensation for the injuries alleged and sustained, if any"—in which lies the crux of defendant's objections to the paragraph—does not mean that plaintiff was permitted to recover for all injuries alleged in his petition, but only for *such* alleged injuries as plaintiff's wife received by being thrown from the car by reason of the negligence of the defendant. For, by a rule of grammatical construction, the expression, "injuries alleged and sustained," relates to, as its antecedent, the clause, "and received any of the injuries alleged in plaintiff's petition," and therefore limited the jury, in estimating the damages, to such injuries alleged in plaintiff's petition as they believed were inflicted on Mrs. Higdon by defendant's negligence. That this is the correct construction seems to us "as clear as preaching," and to the writer a heap clearer.

*Fourth:* The sixth and seventh assignments of error are grouped and presented together in defendant's brief as propositions. They are as follows:

1. "The court erred in overruling defendant's amended motion for new trial, because the verdict and judgment are contrary to the overwhelming preponderance of the evidence, in this: The great preponderance of the evidence shows that the plaintiff's wife, Susan I. Higdon, was not thrown and injured by defendant's car starting up while she was in the act of alighting, but shows that she alighted from the car while same was in motion and before it had come to a stop."

2. "The court erred in overruling defendant's amended motion for a new trial, because the great preponderance of the evidence shows that this defendant was not guilty of any negligence causing injury to plaintiff's wife, Susan I. Higdon."

Proof by a preponderance of evidence is said to be "That state of mind in which there is felt to be a 'preponderance of evidence' in favor of the defendant's proposition. . . ." However, "the application of the phrase 'preponderance of evidence' is apt to lead the judicial discussion close to the danger line of the fallacious quantitative or numerical theory of testimony." 4 Wigmore on Ev., sec. 2498. It is said by the same eminent authority (vol. 3, sec. 2033) that "The probative value of a witness' assertion is utterly incapable of being measured by arithmetic. All the considerations which operate to discredit testimony affect it in such varying ways from different witnesses that the net trustworthiness of each one's testimony is not to be estimated, either in itself or in reference to others' testimony, by any uniform numerical standard. Probative effects are too elusive and intangible for that. The personal element behind the assertion is the vital one, and it is too multifarious to be measured by rule." It is in the jury who tries an issue that the state of mind, in which there is felt to be a "preponderance of evidence" in favor of a proposition, must exist; and it must, necessarily, be the resultant of the consideration and weight given by the jury to the testimony. Such a state of mind may be engendered by the testimony of a single witness; for the testimony of one witness must be weighed before its probative force can be felt, as well as that of a dozen. The estimate of its weight may produce that state of mind in the jury which is defined to be proof by a preponderance of the evidence, or it may not. If it does,

the testimony of any number of witnesses adverse to the "demandant's proposition" may make no change in the "state of mind" produced by the one witness. If it does not, then proof of the proposition of the demandant by a "preponderance of the evidence," within the meaning of the phrase, has been made, and the verdict should be in accordance with it. This "state of mind" may have been produced by the "personal element" behind the assertions of the several witnesses, which is the "vital test" for determining the probative force of the testimony of each, of which it—that "state of mind" which is proof by a preponderance of the evidence—is the resultant. This "personal element," "which is too multifarious to be measured by any rule," must necessarily be used as a test by the jury in determining the probative force of the evidence of the several witnesses. For as the factors in such element are too multifarious to admit of its being measured by any rule of law, and an appellate tribunal can make very little, if any, use of such test, even if it were within its province to determine the credibility of witnesses and the weight to be given their testimony.

But it is needless to pursue this analysis of the definition of the phrase "proof by a preponderance of evidence" further. Suffice to say, that test is not numbers or quantity, but the state of the jury's mind produced by the evidence, which may be the product of one witness' testimony, though it may be contradicted by that of a number of others. The testimony of Mrs. Higdon is direct and positive that the car on which she was riding, at a signal from the conductor, was brought to a full stop; that when it was standing still she attempted to alight from it, and while in the act of alighting it was suddenly put in motion, whereby she was thrown therefrom to the ground, in consequence of which she was injured. Seven other witnesses, either directly or inferentially, contradicted her testimony. Evidently the jury believed her evidence and disbelieved the testimony of the other witnesses. This was enough to show proof by a "preponderance of evidence" within the meaning of the phrase. What "personal element" lay behind the assertions of the several witnesses, which was taken as the test by the jury of its probative force, we do not fully know. All the evidence, pro and con, on the issue, is stated and discussed in the briefs of the parties. And the minute and clear analysis of it by plaintiff's counsel is very persuasive of the correctness of the verdict. It is, however, only our province to determine, in the light of the law, whether the evidence reasonably tends to support the verdict upon the issue as to defendant's negligence; and having determined the issue in the affirmative, our duty in regard to the matter is discharged.

*Fifth:* The remaining assignments, in different forms, complain that the verdict is excessive. We have fully examined and carefully considered the evidence pertinent to these assignments, and have reached the conclusions that the injuries which the plaintiff's wife received by reason of defendant's negligence are the direct cause of her wrecked physical condition, and intense pain and suffering, which have continued from the date of their infliction to the time of trial; and that such injuries are permanent and may probably culminate in her death. We further find as a fact that plaintiff's wife was guilty of

no negligence proximately contributing to her injuries. There is no error in the judgment and it is affirmed.

*Affirmed.*