### FRANK v. FEINBERG et al. (No. 1544.)

(Court of Civil Appeals of Texas. El Paso. Dec. 13, 1923.)

**1. Trial ⊕⇒205 — Instruction on burden of proof held unnecessary.**

In an action to recover a share of profits alleged to be due plaintiff as an employee of defendant, where the parties were the only witnesses and testified directly contrary to each other, an instruction on the burden of proof was unnecessary.

**2. Trial ⊕⇒244(2)—Instructions held to unduly stress preponderance of evidence.**

A special charge requiring proof by a preponderance of the evidence, given in addition to a general charge stating the burden of proof, was error, as placing undue stress upon the preponderance of the evidence.

**3. Trial ⊕⇒250 — Instruction unwarranted in absence of pleading or evidence.**

An instruction on the question of mutual misunderstanding is improper in the absence of any pleading or evidence thereof.

**4. Evidence ⊕⇒99—Testimony when relevant.**

Testimony is relevant and admissible when it bears on issues so as to tend to prove or disprove them.

**5. Master and servant ⊕⇒80(8) — Evidence held admissible on question of sharing in profits.**

In an action to recover a share of profits alleged to be due plaintiff as an employee of defendant, evidence as to plaintiff's peculiar qualifications for the service, his intention to engage in other business, and the giving up of such intentions to remain in defendant's service *held* admissible on the issue whether he had been offered a share in the profits.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by C. J. Frank against Max Feinberg and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded for new trial.

Jno. T. Hill, of El Paso, for appellant.

Croom, Goldstein & Croom, of El Paso, for appellees.

HARPER, C. J. Appellant brought this suit against Max and Isadore Feinberg, alleged to be a partnership doing business under the name of El Paso Iron & Metal Company. For cause of action he alleged that he was employed by said partnership at a salary of $200 per month and 20 per cent. of the

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

net profits of the business during the time he might work for them; that he worked from August 1, 1920, to March 22, 1922, and that his share of the profits was $4,200.

The answer was general demurrer and general denial. Submitted to jury upon special issues, and upon the answers judgment was entered for defendants. From which an appeal.

The court submitted the following question:

"One. Do you find from a preponderance of the evidence that on or about the ―――― day of July, 1920, a verbal contract was entered into between the plaintiff on one part and the defendant on the other that plaintiff was to receive for his services the sum of $200 per month and 20 per cent. of the net profits? "

"In this connection you are charged that the essential and salient feature of a contract is the mutual agreement between the parties. In order that there be a mutual agreement, the minds of the parties must meet on the matter comprehended in the agreement. An agreement usually arises from an offer on one part and acceptance by the other."

In addition to the above the court submitted the following:

"At the request of the defendant you are charged that the burden of proof in this case is upon the plaintiff, and, before you can answer question No. 1 in the court's charge in the affirmative, you must find that the matters comprehended in said question to have existed by a preponderance of the evidence; that is, by the greater weight of credible evidence. But in passing on the issue you will look to all of the evidence."

Appellant assigns error in submitting the special charge next above, because it, in connection with the first question, gave undue prominence to the question of the preponderance of the evidence, and especially in view of the fact that the plaintiff and defendant were the only witnesses on the issue, each testifying directly contrary to the other.

[1] While the rule is that the burden of proof is upon the party alleging the affirmative of any issue it is not always necessary or proper to give it in charge to the jury, as in many cases testimony bearing upon an issue comes from both parties, and in passing upon the entire testimony the jury should not have their attention directed to the party from whom the testimony may come, it being sufficient in such cases if the charge indicates the question of fact to be found. Chittim v. Martinez, 94 Tex. 141, 58 S. W. 948; American Cotton Co. v. Collier, 30 Tex. Civ. App. 105, 69 S. W. 1021.

256 S.W.—60

[2] It would seem that this is a case wherein a charge upon the burden of proof is not required, but the special charge, when considered in connection with the main charge, places undue stress upon the preponderance of the evidence, and in effect indicates that the evidence to support plaintiff's case should come from him and preponderate. Dowdy v. Southern Trac. Co. (Tex. Com. App.) 219 S. W. 1092.

[3] It was improper to charge upon the question of "mutual misunderstanding." There was no pleading or evidence upon this theory. Derham v. Trinity County Lumber Co., 73 Tex. 78, 11 S. W. 151.

Next, it is urged that the court erred in excluding the following testimony of plaintiff:

"I commenced work for defendant in 1917, at $100 per month, shortly after this salary was advanced to $150 per month, and finally to $200."

Next, offered to testify as to the services performed by him during his employment. Next, offered to prove by one of the defendants that he had three men performing the work, during plaintiff's absence from the business, that he, plaintiff, had done during his former employment, and that he was preparing to go into business for himself, and defendant offered the additional commission on profits to induce him to remain in the employment. These were offered in evidence as tending to prove the reason for the increase in salary, but also to prove that the extra 20 per cent. of profits were offered as an inducement to keep plaintiff as an employee.

[4] Testimony is relevant, and therefore admissible when it bears upon the issues so as to tend to prove or disprove them, as, for instance, where the facts sought to be introduced are links in the chain of evidence tending to prove the issue by reasonable inference, though not directly bearing upon them. Jones, Com. on Evidence, vol. 1, § 135; San Antonio Trac. Co. v. Higdon, 58 Tex. Civ. App. 83, 123 S. W. 732; Dudley v. Strain et al. (Tex. Civ. App.) 130 S. W. 778.

[5] So these facts, increase in salary from time to time, the peculiar qualifications of plaintiff for the service, his intention to engage in other business, but giving it up to continue in defendant's service, are links in the chain, which tend to prove that he was offered a share in the profits of the business, if he would remain in the service of defendants, and it was error to exclude such testimony.

For reasons assigned, the cause is reversed and remanded for a new trial.