## MUNSON v. SCHEID ET AL.

[No. 12,129. Filed December 16, 1924.]

1. MASTER AND SERVANT.—*Industrial Board's refusal to hear all legal evidence reversible error.*—Sections 59 and 60 of the Workmen's Compensation Act (§§8020q2, 8020r2 Burns' Supp. 1921, Acts 1917 p. 154) contemplate that the member or members of the Industrial Board hearing an application for compensation shall grant such a hearing of the parties and their witnesses as will enable such member or members to arrive at the truth concerning the material issues involved, and thereby do justice between the contending parties, and where a single member of the board conducting a hearing refused to hear all the legal and relevant evidence offered, and a petition for review by the full board was duly filed, it was the duty of the board to correct the error made by the individual member, and, if such a hearing was not granted as would bring before

the full board all the pertinent facts bearing on the issues as to which the parties offer proper evidence, the award made thereon was contrary to law, and must be reversed on appeal. p. 260.

2. MASTER AND SERVANT.—*Industrial Board's exclusion of checks issued by employer to claimant tending to show him as independent contractor reversible error.*—Where a single member of the Industrial Board heard the application for compensation and one of the issues between the parties was whether the claimant, at the time he received his injuries, was an employee or an independent contractor, the exclusion of certain checks given by the employer to claimant for labor performed, with notations thereon showing the work for which they were issued and other facts relevant to that issue, was error, and the denial by the full board of the employer's request for permission to introduce said checks on the review thereof, constituted such an abuse of the discretionary power lodged in the board by §60 of the Workmen's Compensation Act (§8020q2 Burns' Supp. 1921, Acts 1917 p. 154) as to require a reversal of the award made by it. p. 263.

3. MASTER AND SERVANT.—*Checks issued by employer to claimant for compensation for injury relevant on issue of status as contractor or employee.*—In a hearing before the Industrial Board, where the controlling issue was whether the claimant, at the time of his injury, was an employee or an independent contractor, checks issued by the employer to claimant for labor performed by him prior to the time he received his injuries, with notations thereon showing the specific work for which they were given, were relevant, as tending to prove the relations of the parties at the time in question. p. 263.

4. MASTER AND SERVANT.—*Memorandum on check made after payment for labor performed would not render check inadmissible.*—In a hearing before the Industrial Board of a claim for compensation, a check given by the employer to the claimant for labor performed, bearing a notation "Loyd No. 26 Union Soap Co. Stack," was not inadmissible by reason of such notation, though made after the payment of the check, as it did not become a part of the check or constitute an alteration thereof. p. 265.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act for compensation by Raymond Scheid and others against S. A. Munson, employer. From an award for claimant, the defendant appeals. *Reversed.*

*Watson & Esarey,* for appellant.

*Frank C. Riley* and *George W. Galvin,* for appellee.

BATMAN, J.—Appellee Scheid, hereinafter referred to as the appellee, filed an application with the Industrial Board for an award of compensation against appellant. A hearing was had before a single member of the board, who made an award in favor of appellee. On application of appellant, this award was reviewed by the full board, resulting in an award in favor of appellee of $13.20 per week, beginning November 28, 1923, and to continue so long as he is disabled, not exceeding $5,000 in amount, and providing that appellant pay the medical and surgical treatment of appellee during the first thirty days. Appellant is now prosecuting this appeal, based on an assignment of errors which alleges, in substance, among other things, that the award of the full board is contrary to law, and that the full board erred in refusing to hear additional evidence upon the review made by it, pursuant to an application of appellant therefor.

We will first direct our attention to the alleged error last stated, as our conclusion in that regard renders any further consideration unnecessary. The Workmen's Compensation Act provides as follows:

1. "Section 59. The board, by any or all of its members, shall hear the parties at issues, their representatives and witnesses, and shall determine the dispute in a summary manner. The award shall be filed with the record of proceedings, and a copy thereof shall immediately be sent to each of the parties in dispute. Section 60. If an application for review is made to the board within seven days from the date of an award, made by less than all the members, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, hear the parties at issue, their representatives and witnesses as

soon as practicable and shall make an award and file same, with a finding of the facts on which it is based, and the rulings of law by the full board, if any, and send a copy thereof to each of the parties in dispute, in like manner as specified in the foregoing section." Acts 1917 p. 154.

It thus appears that when an application for compensation is filed, and the matter is taken up for determination by any or all of the members of the board, as provided in said §59, that a hearing of "the parties at issue, their representatives and witnesses" shall be had. This evidently means that the member or members of the board conducting such hearing, although not constituting a court, and hence not bound by all the rules of civil procedure, nevertheless, must grant what the statute evidently intends, viz.: such a hearing of the parties and their witnesses as will enable such member or members to arrive at the truth concerning the material issues, in order to apply the law properly, and thereby do justice between the contending parties. If such a hearing is not had, and the number of members sitting thereat is less than the full board, as was true in the instant case, any error in that regard may be rendered harmless by an application for review by the full board, as provided in said §60, and such a hearing thereat as will bring before the full board all the pertinent facts bearing on the issues of which the parties shall offer proper evidence. If, however, on due application, such a hearing is not had on review, there will be an abuse of the discretionary power lodged in the full board by the provisions of said section as will warrant a reversal of the award so made, on an appeal to this court. *Bimel Spoke, etc., Co.* v. *Loper* (1917), 65 Ind. App. 479.

One of the material issues involved in the application before us relates to the relation of appellant and

appellee at the time of the alleged injuries—the contention of the former being that appellee was an independent contractor, while the contention of the latter is that the relation of master and servant existed between them. On the original hearing before the single member of the board, appellant testified, in substance, among other things, that a number of checks there present, represented amounts which he had theretofore paid appellee for work, and made a request to introduce the same in evidence. Appellee objected to their introduction, and the member of the board, by a statement made in response to said request and objection, in effect, although not formally, refused appellant's request. Appellant afterwards offered in evidence a check, identified as exhibit No. 1, drawn by himself in favor of appellee for $5, bearing the following pencil notation: "Loyd No. 26 Union Soap Co. Stack," and the indorsements of appellee and others. The evidence shows that this check was given for labor performed by appellee for appellant. The time of its performance was evidently prior to the day of appellee's alleged injuries, although there is evidence tending to show the contrary, as it bears a date eighteen days prior thereto, is for a larger amount than the evidence shows was paid for his work on that day, and bears a notation indicating that the work for which payment was thereby made was done at an entirely different place from that at which appellee worked on the day he received his alleged injuries. The single member of the board excluded this evidence, and, at the conclusion of the hearing, made an award in favor of appellee. On April 25, 1924, appellant filed an application for a review by the full board, and also a written request for permission to introduce the evidence of appellant, together with certain checks, excluded as irrelevant by the single member of the board hearing the application, in order

to show that appellee was an independent contractor at the time he received the injuries of which complaint is made. The full board denied appellant's said request, and, without hearing further evidence, reviewed that given before the single member of the board, and made the award in favor of appellee from which this appeal is prosecuted.

Appellant contends that the checks in question, had they been admitted, taken in connection with his evidence as to the work done in consideration 2. therefor, and the time consumed in the performance thereof, would have shown that appellee was an independent contractor, and not his employee, at the time he received his alleged injuries; that, with such a showing, no award in favor of appellee would have been made against him, and hence he was not accorded such a hearing as the statute contemplates. It is clear to us that the evidence offered was not only proper, but of such a character that its rejection by the single member of the board may have led to an erroneous award, depending on the weight which might have been given thereto, when considered in connection with all of the other evidence adduced. The full board, by its denial of appellant's written request to introduce additional evidence on review, failed to render harmless the error committed by the single member, as it might have done by granting such request. This denial, under the circumstances shown, constitutes such an abuse of the discretionary power lodged in the full board by said §60 of the Workmen's Compensation Act as to require a reversal of the award made by it. *Bimel Spoke, etc., Co. v. Loper, supra.*

Appellee contends that the evidence in question was wholly irrelevant to any issue before the board, 3. as the checks involved, at most, only related to other work done for appellant by appellee, upon

occasions prior to the one on which he received his injuries, and in no way connected therewith. We cannot agree that such checks were irrelevant. One of the controlling issues to be determined involved the relation of appellant and appellee, at the time of the latter's alleged injuries. There was substantial evidence tending to show that for some time past appellee had been doing similar work for appellant, under some kind of a continuing arrangement. Whether this work was done by appellee as an independent contractor or as an employee of appellant was a question in dispute between the contending parties on the hearing, and one which the evidence adduced did not render free from doubt. There was and is no contention that the arrangement under which appellee was working at the time he received his alleged injuries was any different from that under which he had theretofore been working for appellee, and hence the excluded evidence would have been relevant, as tending to prove the relation of the parties at the time in question, which, of course, as appellee contends, was the time with which the board was directly concerned. This is in accord with the well-established rule governing the production of evidence, subject to certain exceptions not pertinent here, that the evidence offered must correspond with the allegations, and be confined to the point in issue. It is not necessary, however, that the evidence should bear directly upon the issue. It is admissible if it tends to prove the issue, or constitutes a link in the chain of proof; although, alone, it might not justify a verdict in accordance with it. Under this rule, all facts and circumstances upon which any reasonable presumption can be founded as to the truth or falsity of the issue or disputed fact are admissible in evidence. As applicable to jury trials, it has been said:

"If the evidence offered conduces in any reasonable

degree to establish the probability or improbability of
the fact in controversy, it should go to the jury. It
would be a narrow rule, and not conducive to the ends
of justice to exclude it on the ground that it did not
afford full proof of the non-existence of the disputed
fact. * * * any circumstances that may afford a
fair and reasonable presumption of the fact to be tried,
are to be received and left to the consideration of the
jury who are to determine upon their precise force and
effect, and whether they are sufficiently satisfactory to
warrant them in finding any of the facts in issue."
*Dougherty* v. *White* (1911), 2 Boyce (Del.) 316, 80
Atl. 237, Ann. Cas. 1914C 876; 10 R. C. L. 927; 22 C.
J. 748; *Gilfillan* v. *Gilfillan's Estate* (1916), 90 Vt. 94,
96 Atl. 704; *Presby* v. *Melgard* (1908), 48 Wash. 689,
94 Pac. 641; *Bowers* v. *Pixley* (1924), 197 N. W.
(Nebr.) 410; *San Antonio, etc., Co.* v. *Higdon* (1909),
58 Tex. Civ. App. 83, 123 S. W. 732; *Robertson* v. *O'Neill*
(1912), 67 Wash. 121, 120 Pac. 884. The following
cases in this state are in accord with the rule stated:
*Knapp* v. *State* (1907), 168 Ind. 153, 11 Ann. Cas. 604;
*Moore* v. *Schrader* (1895), 14 Ind. App. 69; *Hufford,
Admr.,* v. *Neher* (1896), 15 Ind. App. 396; *Lake Erie,
etc., R. Co.* v. *Howarth* (1919), 73 Ind. App. 454.

Our attention is called to the pencil notation on the
check offered in evidence, which was shown to have
been placed thereon by appellant in the absence

4.  of appellee, after it had been paid, merely as a
memorandum. This notation, however, did not
warrant its exclusion as evidence. The check, in the
possession of appellant after its payment, was merely
evidence of a completed and fully executed transaction
—a mere memorial of an accomplished and existing
fact, and hence not governed by the rules with refer-
ence to the alteration of executory contracts. 1 R. C.
L. 999 and 1004; *Alabama, etc., Co.* v. *Thompson*

(1894), 104 Ala. 570, 16 So. 440, 53 Am. St. 80. Moreover, appellant was not seeking to establish any right thereby, but merely offered it as evidence of a collateral fact, which he claimed would throw light on a pertinent issue between the parties. But, of more significance than either of the above reasons is the fact that it does not appear that the pencil notation became a part of the check, or was ever so intended, or could have been taken as an attempted alteration thereof, with any show of reason, as it clearly appears to be a mere memorandum. *Light* v. *Killinger* (1896), 16 Ind. App. 102, 59 Am. St. 313; *Eaton* v. *Delay* (1915), 32 N. D. 328, 155 N. W. 644, L. R. A. 1916D 528; *Carr* v. *Welch, Exr.* (1867), 46 Ill. 88; *Yost* v. *Watertown Steam-Engine Co.* (1894), 24 S. W. (Tex. Civ. App.) 657; *Maness* v. *Henry* (1891), 96 Ala. 454, 11 So. 410; *Johnson* v. *Parker* (1901), 86 Mo. App. 660. Under these circumstances, the pencil notation did not afford a sufficient reason for not admitting the check, as it was a matter separate and apart from it, and could be eliminated therefrom.

Award reversed for further proceedings consistent with this opinion.