NO. 07-03-0274-CR


 07-03-0275-CR

 07-03-0276-CR

 07-03-0277-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 7, 2003


______________________________




JOE D. HENDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 45,363-A; 45,823-A; 45,824-A; 45,825-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ON ABATEMENT AND REMAND


 Appellant Joe D. Henderson has given pro se notice of appeal from convictions in
causes numbers 45,363-A, 45,823-A, 45,824-A and 45,825-A in the District Court of Potter
County, Texas (the trial court). The clerk of the court of appeals has received motions from
the trial court clerk and the court reporter requesting extensions of time for the filing of the
respective appellate records. Both motions reflect that no designation of record has been
received and no arrangement to pay for the records has been made. No appearance has
been made by any counsel for appellant on appeal. 

 In Texas, every person convicted of a crime has a statutory right to appeal. See
Tex. Crim. Proc. Code Ann. § 44.02 (Vernon 1979); Nguyen v. State, 11 S.W.3d 376,
378-79 (Tex.App.--Houston [14th Dist.] 2000, no pet.); Johnson v. State, 885 S.W.2d 641,
644 (Tex.App.--Waco 1994, pet. ref'd). The Sixth and Fourteenth Amendments of the
United States Constitution guarantee to a criminal defendant the right to counsel on a first
appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). An
attorney must be appointed by the state to represent an indigent defendant on the first
appeal. See McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 435, 108
S.Ct. 1895, 1900, 100 L.Ed.2d 440 (1988). In Texas, the trial court has been designated
to appoint the appellate attorney for an eligible indigent defendant. See Tex. Crim. Proc.
Code Ann. §§ 1.051(d)(1), 26.04(a). 

 These appeals are abated and the causes are remanded to the trial court. Upon
remand, the judge of the trial court is directed to cause notice to be given of and to conduct
a hearing to determine: (1) whether appellant desires to prosecute any or all of the
appeals; (2) if appellant desires to prosecute any or all of the appeals, then whether
appellant is indigent; (3) if appellant is indigent and desires to prosecute any or all of the
appeals, whether counsel should be appointed for appeal; and (4) what orders, if any,
should be entered to assure the filing of appropriate notices and documentation to dismiss
appellant's appeals if appellant does not desire to prosecute any of the appeals, or, if
appellant desires to prosecute any of the appeals, to assure that the appeals will be
diligently pursued. If the trial court determines that counsel should be appointed for any
or all of the appeals, the trial court should cause the clerk of this court to be furnished the
name, address, and State Bar of Texas identification number of the appointed attorney. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a supplemental clerk's record; (3) cause the hearing proceedings to be
transcribed and included in a reporter's record of the hearing; and (4) have a record of the
proceedings made to the extent any of the proceedings are not included in the
supplemental clerk's record or the reporter's record of the hearing. In the absence of a
request for extension of time from the trial court, the supplemental clerk's record, reporter's
record of the hearing, and any additional proceeding records, including any orders, findings
conclusions and recommendations, are to be sent so as to be received by the clerk of this
court not later than August 29, 2003. 

 Per Curiam


Do not publish.




See Starflite
, 162 S.W.3d at 413 (the
court's resolution of the issue was significantly hindered by the fact they had not been
provided with a copy of the real party in interest's re-pleaded cause of action); San Antonio
Traction Co. v. Higdon, 123 S.W. 732, 734 (Tex. Civ. App.-San Antonio 1909, writ ref'd)
(stating "that to determine the relevancy of evidence the pleadings of the parties must first
be looked to for the purpose of ascertaining the issue"). In the underlying suit, Fannin
makes only general allegations of negligence and negligence per se against Barlow. 
General allegations of negligence and negligence per se do not support the trial court's
conclusion that Fannin has placed Barlow's medical and mental health conditions at issue. 
Nor does Barlow's general denial place her medical or mental health conditions at issue. 

 Because the pleadings do not indicate Barlow's medical and mental health conditions
form a basis of Fannin's claims or a basis of Barlow's defense, we find the requests are not
reasonably tailored to aid in the resolution of the dispute and the trial court's order requires
production beyond what our procedural rules permit. CSX, 124 S.W.3d at 152; Starflite,
162 S.W.3d at 413. We, therefore, conclude the trial court abused its discretion in ordering
Barlow to sign medical authorizations and requiring Barlow to provide the names of all her
medical care providers since January 11, 1998. (2) 

 In order to determine whether the writ should issue, however, we must further decide
whether Barlow has an adequate remedy at law. Walker, 827 S.W.2d at 840. Barlow does
not have an adequate remedy by appeal if this court would not be able to cure the trial
court's discovery error. Id. at 843. If we uphold the trial court's ruling, Barlow will be
required to produce her medical and mental health information. However, after irrelevant
and sensitive documents have "been inspected, examined and reproduced... a holding that
the court had erroneously issued the order would be of small comfort to relators in
protecting their papers." See Crane v. Tunks, 328 S.W.2d 434, 439 (Tex. 1959) (examining
whether the ordered production of income tax returns was improper). In addition, a party
will not have an adequate remedy by appeal when a discovery order compels the production
of patently irrelevant documents. Walker, 827 S.W.2d at 843 (citing Sears, Roebuck & Co.
v. Ramirez, 824 S.W.2d 558 (Tex. 1992); General Motors Corp. v. Lawrence, 651 S.W.2d
732 (Tex. 1983)). 

 In his response to Barlow's mandamus petition, Fannin argues "[c]ounsel for Barlow
failed to move for a protective order and failed to follow the order of the [trial court] to
authorize in camera inspection of Barlow's medical records...." Rule 192.6 provides that "[a]
person from whom discovery is sought... may move within the time permitted for response
to the discovery request for an order protecting that person from the discovery sought. A
person should not move for protection when an objection to written discovery or an
assertion of privilege is appropriate...." TEX. R. CIV. P. 192.6(a) (emphasis added). In this
case, counsel for Barlow objected to the relevance of the discovery requests regarding
Barlow's medical and mental health information. Therefore, filing a motion for protective
order was unnecessary. Id. 

 Fannin is also mistaken when he states the trial court ordered an in camera
inspection of Barlow's medical records. The trial court's order simply indicates the
requested information should be provided "to Plaintiff's attorney by August 1, 2005." 

 Barlow is, therefore, entitled to the relief sought. We conditionally grant the writ of
mandamus. We are confident that respondent will promptly set aside the part of her July
12, 2005 discovery order which requires Barlow to sign medical authorizations and to
provide the names of all her medical care providers since January 11, 1998. We will direct
the clerk to issue the writ only in the event the trial court fails to rescind this portion of her
July 12, 2005 order. 


 James T. Campbell

 Justice



 
1. 

2. ' 
 
 
-