HITCHENS *v.* RICKETTS and Another.

*A.* being the owner of certain lands, gave a written power of attorney to *B.*, authorizing him to sell, assign, transfer, trade and dispose of said lands, either for cash or in exchange for other property. He was to continue to act as such attorney for eighteen months, and to receive for his services one half of all he might make out of said property over a certain price, and where other property was taken in exchange, the compensation was to be determined by getting other persons to estimate the value of the property so taken. *B.* having by an exchange procured a certain mill property, rented the same to *C.*, who was dispossessed by a lessee of *A.*, on the ground that *B.* had no authority to rent said lands. Suit by *C.* to recover possession.

*Held,* that as the evidence as to the authority of *B.* to rent the premises was conflicting, it was competent for *C.* to prove that *B.* had acted as the agent of *A.* in renting other lands taken by him in exchange under his power of attorney.

*Held,* also, that under the letter of attorney, *B.* had such a power, coupled with an interest, as gave him authority to rent, at least until such time as he and his principal should close their accounts.

APPEAL from the *Switzerland* Circuit Court.

HANNA, J.—*Stewart & Brother,* of the State of *Ohio,* owned certain lands in *Stark* county, *Indiana.* On *November* 12, 1858, they appointed, in writing, one *Carroll* their attorney in fact, "to sell, transfer, assign, trade and dispose of said lands, either for cash or in exchange for other property." He was to continue such attorney for eighteen months, and "receive as a compensation for his said services one half of all the profits that he may make and realize on said lands after deducting three dollars per acre as the value of said lands." It was further stipulated that if *Carroll* traded for other property, about the price of which a difference should arise "so as to fix the compensation of said attorney," then each was to choose a man to determine the same.

It is shown by the evidence in the case at bar that *Carroll* effected exchanges of said lands, or a portion thereof, for certain lands and town property in *Switzerland* county. The appellant claims that he rented one piece of said last named lands from said *Carroll,* with a water, saw and grist mill thereon, for an indefinite period of time, and had

Nov. Term,
1861.

HITCHENS
v.
RICKETTS.

occupied the same from *May* 1, 1859, until *January* 9, 1860, when he was unlawfully dispossessed of the same by the appellees, who, on the day last aforesaid, unlawfully entered upon the same, and so retained possession thereof.

The defendants claimed the right to enter under a renting from one *Titus*, the agent of the *Stewarts*, who disavowed the renting by said *Carroll*, and his right to bind them in that respect.

It is said the Court erred in rejecting evidence, and in refusing a new trial.

The suit was commenced before a justice, where the plaintiff had judgment; on appeal the defendants had judgment for costs.

The evidence offered by the plaintiff and rejected, was agreements of renting or leases, made by *Carroll* to other persons, for parcels of said lands, &c. obtained in exchange as aforesaid, and the oral testimony of one *Crall*.

As to the first error, the evidence of the plaintiff showed a renting, for an indefinite time, of the property to him by *Carroll*. The defendants proved by the *Stewarts* that they had not authorized *Carroll* to rent the property, and disavowed the act. The plaintiff then offered the leases made by *Carroll* to others as a circumstance, as the bill of exceptions states, to be considered, with other testimony that might be given, tending to prove that *Carroll* had the right to rent, &c. The evidence was rejected.

The plaintiff had proved by ample testimony, namely, a copy of the power of attorney, title bonds, deeds, &c., that said *Carroll* was the acting agent of said *Stewarts* in buying, exchanging and selling real property, and that he had traded for the property, the occupancy of which is in dispute. It was also in evidence that plaintiff had written to *Stewarts* in *October*, notifying them that the contract of the agent as to repairs was not complied with, and that one of said *Stewarts* was out in *November* at the property, but did not see plaintiff, nor notify him that the agent had not authority to rent; it is true he requested *Titus* to inform him, but the time when he did so is uncertain, whether within three weeks thereafter, or not until about the time plaintiff was

dispossessed. It was also in evidence, by the testimony of Schoonover, from whom the property was obtained, that Stewart was out in March, 1859, examining it, and informed him that he was to deliver possession thereof to Carroll, who was to sell or rent the same, or do the best he could with it.

Taking all these circumstances together, we are of opinion that they exhibited such a contradiction of the evidence of the Stewarts in reference to the authority, in point of fact, of said Carroll to rent, that the proof offered should have been received.

Stewart, when testifying, was asked whether at a certain place and time, and to a certain person, he had not stated that Carroll was to have the mills repaired. He denied making such statement. A witness was offered to prove that he did. The evidence was not received. If it was material, it should have been heard. It was offered to show the general charge Carroll had of the property. Was it proper? We think the evidence should have been admitted. It would have tended to establish the fact that Carroll had the general superintendence of said property.

But there is a question back of all this, namely, whether Carroll had not such a power, coupled with an interest, as gave him authority to rent, at least until such time as he and his principal should close their accounts. It was shown they had not settled; nor had the period for which he was appointed as attorney, expired. If this proposition is true, then a new trial should have been granted. Had he such interest as authorized the renting? We think he had under the circumstances.

Per Curiam.—The judgment is reversed, with costs. Cause remanded, &c.

John Dumont, for the appellant.

Scott Carter, for the appellee.