Sturgeon et al. *v.* Hitchens.

## Sturgeon *et al. v.* Hitchens.

Jurisdiction—Justices of the Peace.—In actions against tenants unlawfully holding over, and in forcible entry and detainer, the jurisdiction of justices of the peace is special, and unlimited as to amount.

Constitutional Law.—The 12th section of the act entitled "an act concerning the unlawful detention of lands, and the recovery thereof," 2 G. & H. 630, is within the title of said act.

New Trial.—Action for the unlawful detention of real estate, trial by jury, and verdict for the plaintiff for 51 dollars damages. The cause was tried a second time by the Court, and the defendants had judgment. In the meantime the defendants surrendered the possession to the plaintiff. A third trial was afterwards had in the absence of the defendants and their counsel, and 500 dollars was recovered against them. After the close of the term the defendants filed a complaint for a new trial, sworn to, in which it was shown that the trial of the cause was had in their absence, and in the absence of their attorney, who had gone to the war; that they did not discover, until after the close of the term, that the cause had been tried in the absence of their attorney; that they had a meritorious defence; that reasonable ground existed for belief on their part that their cause would be well attended to without their personal presence, and that they were excusable in being absent.

*Held*, that under the circumstances of the case the new trial should have been granted.

APPEAL from the *Switzerland* Circuit Court.

Perkins, J.—On the 23d day of *April*, 1860, *Hitchens* proceeded before a justice of the peace against *Sturgeon* and *Ricketts*, for unlawful detention of real estate. The complaint was as follows:

" *Emanuel Hitchens,* }
   v.   { Court of *John G. Anderson, Esq.*, a jus-
*George Sturgeon,* and { tice of the peace of *Switzerland* county.
 *John Ricketts.* }

" *Emanuel Hitchens,* plaintiff, complains of *George Sturgeon*

and *John Ricketts*, defendants, and says that on or about the 9th day of *January*, 1860, he was in the lawful and peaceable possession of a tract of land situate in *Switzerland* county, on *Plumb* creek, formerly owned and occupied by *Francis Schoon-over*, on which tract, so possessed by the plaintiff, there was and is a grist mill, and saw mill, and mill race, and ground appurtenant for the use of said mills; and that the defendants, on the day and year last aforesaid, did make unlawful entry into and upon said mill race, and grist mill and saw mill, and the ground appurtenant thereto; that the plaintiff hath the right of possession thereof, and that the defendants unlawfully detain the possession thereof from the plaintiff. Plaintiff prays judgment of restitution, and damages 700 dollars.                        J. DUMONT, for the plaintiff."

No objection, by motion or demurrer, was made to this complaint, and perhaps it may be held sufficient after verdict; though we decide nothing as to this.    See *O'Connell* v. *Gillespie*, 17 Ind. 459.

There was a trial before the justice, and the plaintiff obtained a judgment for 51 dollars damages, and for restitution, &c. This was on the 1st day of *April*, 1860.

The cause went to the Circuit Court, but how, or on whose application, the justice does not state.    At the *October* term, 1860, the cause was tried in the Circuit Court and there was judgment for the defendants.

The cause was appealed to the Supreme Court where the judgment of the Circuit Court was reversed.    *Hitchens* v. *Ricketts et al.*, 17 Ind. 625.

At the *May* term, 1862, the cause having been sent back from the Supreme Court, again appeared upon the docket of the Circuit Court, and was continued.

On the 6th day of the *November* term, 1862, being the 15th

Sturgeon et al *v.* Hitchens.

day of that month, the cause was tried by a jury, and the following verdict returned:

"We, the jury, find the defendants guilty, and assess the plaintiff's damages at 500 dollars."

Thereupon the Court rendered this judgment: "It is considered by the Court that the plaintiff recover of the defendants the sum of 500 dollars in damages in form aforesaid assessed, and found, as also plaintiff's costs and charges herein expended taxed at," &c.

The record of this trial recites that the parties appeared; that is, it states thus: come the parties, &c.

The verdict and judgment were limited to damages because the possession had been surrendered pending the suit. We see no error in this. Still, it is safest to follow the form prescribed by the statute in these cases. 2 G. & H. p. 615. But see 2 G. & H. 283, as to judgment for damages only. It is urged that the amount of damages is beyond the jurisdiction of a justice of the peace; but this proceeding is a special one, given by statute to justices of the peace, and without limit of amount as to jurisdiction. 2 G. & H. 630. It is claimed that the 12th section of the statute mentioned is inoperative, because not embraced by the title. The title is, "an act concerning the unlawful detention of lands and the recovery thereof." We think this title comprehensive enough to embrace proceedings against tenants unlawfully holding over, and in forcible entry and detainer.

In vacation, on the 11th day of *December*, 1862, the defendants filed in the clerk's office a complaint for a new trial. The complaint was sworn to. At the next term, a demurrer was sustained to the complaint and it was dismissed. An appeal was taken to this Court.

Our code provides that a new trial may be granted on account of, among other causes, any "irregularity in the proceedings of the Court, jury, or prevailing party, or any order

of Court, or abuse of discretion, by which the party was prevented from having a fair trial." 2 G. & H. 212. And, if the fact justifying the new trial is not discovered till after the term, the application may be made after the term. In this case the fact occurring, claimed to justify a new trial, was the trial of the cause in the absence of the defendants and their attorney, who had gone to the war, they not dis covering till after the term that the cause had been tried in the absence of the attorney. The complaint sworn to shows merits in the defence, and shows that reasonable ground existed for belief on the part of the defendants that their cause would be well attended to without their personal presence, and they were excusable in being absent. Taking all the surroundings of the case, we think a new trial should be granted. The cause was once tried by a jury who gave the plaintiff 51 dollars in damages. The second time it was tried by the Court, and the defendants had judgment. In the meantime the defendants surrendered the possession to the plaintiff. Afterwards a trial was had in the absence of defendants and their counsel, and 500 dollars recovered against them. We think the rulings in *Graves* v. *Rayle,* 19 Ind. 83; (in which case it may be observed, as the fact does not appear in the report, *Graves* was a resident of *Montgomery* county;) *Frazier* v. *Williams,* 18 *id.* 416; *Hannah* v. *The Indiana, &c., id.* 431, sanction a new trial in this case.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded, &c.

*A. C. Downey,* for the appellants.

*John Dumont,* for the appellee.