Filed May 26, 1896.

---

No. 1,746.

## HUFFORD, ADMINISTRATOR, *v.* NEHER.

WITNESS.— *Competency Of.— Opinion.* — A witness may give an opinion as to the value of services rendered in waiting upon and nursing a sick person, without first having shown to possess any special knowledge upon the subject of the value of such services.

EVIDENCE.—*Competency Of.*—Where decedent, prior to her death, lived with the family of her son-in-law, evidence that no charge was made for her support while she lived with her other children, is admissible in an action against her administrator, by such son-in-law, to recover for her support.

From the Carroll Circuit Court.

*J. H. Gould* and *G. R. Eldridge,* for appellant.

REINHARD, J.—The appellee filed his claim against the estate of appellant's decedent, Elizabeth Hufford, stating that said estate was indebted to the appellee for services rendered the decedent, such as washing, mending, boarding, waiting upon, sitting up with and nursing her, she being unable to take care of herself, and her mind being impaired. A jury trial resulted in a verdict for $324.00 in favor of appellee, upon which,

over appellant's motion for a new trial, the court rendered judgment. The overruling of the motion for a new trial is the only error discussed by appellant's counsel.

On the trial, several witnesses were allowed, over appellant's objection and exception, to give their opinion as to the value of the services rendered by the appellee, without first having been shown to possess any special knowledge upon the subject of the value of such services. Expert testimony is not required to establish the value of such services. The witnesses stated that they knew the services were rendered and their value. There was no error in the ruling. *Storms* v. *Lemon*, 7 Ind. App. 435; *Wahl* v. *Shoulders*, 14 Ind. App. 665.

The appellee was the son-in-law of appellant's decedent. It was shown that said decedent and her husband lived with appellee in his family for some time before they both died. The only evidence upon which a claim could be based, to-wit, that decedent had agreed to compensate appellee for the services, etc., was that she stated, shortly before her death, to several parties who testified on the trial, that she wanted appellee and his wife well paid for taking care of her. It was proved, without contradiction, that decedent and her husband, being considerably in debt and having but little property, their children, including the appellee and his wife, had agreed to care for them alternately without compensation for such services. It was also shown that the decedent, when she made the statement that she wanted appellee and his wife well paid, was in feeble condition of mind, not having been entirely rational for two or three years before her death.

The appellant offered to prove that, in pursuance of

the agreement referred to, the decedent and her husband had been living with some of their other children, and that these had not made any charges for such services. The court sustained an objection to this proposed testimony. We are of opinion that the testimony was competent, and should have been admitted as a circumstance tending to prove the existence of the agreement. Its weight was, of course, for the jury.

We think it doubtful whether there was sufficient evidence to overcome the presumption that the decedent lived as a member of appellee's family. If the decedent and her children had, when she was of sound mind, entered into an agreement by which she was to be taken care of gratuitously, and the decedent had subsequently, when she was weak in mind, stated that she wanted appellee well paid for taking care of her, this would fall short of an express agreement to pay for such care and services. But the jury may have been justified, from all the facts and circumstances in the case, in the conclusion that the decedent lived with the appellee under an agreement to pay him for the care and services rendered her.

In view of the unsatisfactory character of the evidence, as to any agreement of the decedent to pay for the care and services rendered her, we think the error of excluding the testimony, as to what the other children did in pursuance of the agreement, was harmful, and the appellant is entitled to a new trial.

Judgment reversed.

Filed May 26, 1896.