THE ISLAND COAL COMPANY *v.* CLEMMITT, BY NEXT FRIEND.

[No. 2,346.   Filed January 7, 1897.]

NEGLIGENCE.—*Complaint for Personal Injury.—Sufficiency.—Proximate Cause.*—A complaint charging that defendant, engaged in the mining business, placed a large amount of slack, dirt, small coal, and other refuse from its mine near a public highway, knowing that it was the nature of such refuse matter to take fire and burn at and near the bottom and along the sides, and after so burning large portions thereof would slide down, thereby making a noise and emitting smoke, and that plaintiff's horse while being driven along such highway became frightened at the burning and falling of such material and ran away and injured plaintiff, sufficiently connects defendant's negligent act in placing the material along the highway with the immediate cause of plaintiff's injury.

From the Greene Circuit Court.   *Affirmed.*

*Chambers, Pickens & Moores* and *Cavins & Cavins*, for appellant.

*William L. Slinkard*, for appellee.

BLACK, J.—The appellee's complaint, upon demurrer, was held sufficient. It showed that the appellee

was a minor, suing by next friend; that the appellant was a corporation doing business in the mining and getting out of coal at a certain shaft; that at this shaft "a large amount of slack, dirt, small coal, and other refuse is brought to the top of the ground and piled up by said defendant; that a public highway runs near said shaft; that said defendant hoisted said slack, dirt, small coal, and refuse and threw and piled the same negligently and carelessly from said shaft to and along and into said public highway, making a high, black, and frightful object along and into said highway, which was calculated to and likely to frighten horses driven by persons along and over said highway; that the nature of said slack, coal, dirt, and refuse is to take fire and burn at and near the bottom and along the sides, and, after so burning, large portions slide and come down the sides, raising a fearful smoke, and making a peculiar and frightful noise, all of which, at the time hereinafter mentioned, was known to the defendant, and by which said object was made more hideous and frightful to persons passing and repassing with horses driving along said highway; that on the 29th day of October, 1895, said plaintiff was driving along and over said highway with a quiet and gentle horse hitched to a cart, and driving in a careful and prudent manner on said highway at and along by the point where defendant had so carelessly and negligently placed said object, when a large amount of said black and fiery slack, coal, dirt, and refuse, by reason of said burning, came rushing down the side thereof towards plaintiff, causing a terrible smoke, a rushing, frightful noise, enveloping plaintiff and his horse so driving in ashes and smoke, frightening said horse beyond plaintiff's control, and causing said horse to run away, and without any fault or negligence on the part of this plaintiff, but wholly

through the carelessness and negligence of the defendant aforesaid, said horse, by reason of said fright, ran away, throwing plaintiff out of his said cart," etc.

In argument on behalf of the appellant it is claimed that there is a want of connection between the act of the appellant alleged to have been negligent and the alleged cause of the fright of the horse; that the negligence attributed to the appellant was averred to have been in the placing of the pile of material, while the cause of the horse's fright was the burning and falling of the material; and that, therefore, the alleged injury is not traceable to the appellant's negligence as a proximate cause.

A complaint should contain a statement of the facts constituting the cause of action, so plainly and concisely worded that what is intended may be known from what is said in the pleading. See section 341, Burns' R. S. 1894 (338, Horner's R. S. 1897).

In pleading negligence, it is sufficient to allege it generally, without stating the facts constituting the negligence, but it must be made to appear that the damage complained of was the result of a negligent act or omission. It is not sufficient to show that there was negligence in some particular act or omission without showing that the damage was caused by negligence shown. See *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426; *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297. The plaintiff's injury must be made to appear to have been the proximate result of some violation of duty on the part of the defendant. To do this, of course, a violation of duty must be shown between which and the alleged injury there was a causative connection which appears in the pleading. It is not necessary to characterize the conduct of the defendant by the use of the word "negligence," or words of the same derivation, if such facts be directly

averred as certainly raise the legal presumption that the injury was the result of the defendant's actionable negligence. *Weis* v. *City of Madison*, 75 Ind. 241, 246. But, where some act of the defendant is so characterized as negligent, and the injury complained of is shown to be the result of other acts or omissions which are not so characterized, and which are not otherwise so set forth with their circumstances as to raise such presumption, the pleading is not sufficient on demurrer. The mere existence of the pile adjoining the highway and extending into it, though its appearance was such that it was calculated to frighten horses, did not of itself cause the particular injury for which the appellee sued. The appellant is shown to have created a condition of things whereby the appellee, without his own fault, was injured. It is alleged "that the nature of said slack, coal, dirt, and refuse is to take fire and burn at and near the bottom and along the sides, and after so burning, large portions slide down the sides," etc. This may fairly be said to mean that it was an inherent quality of the matter of which the pile was composed, situated as it was, to ignite in the places designated, and that, after a period of such spontaneous combustion, large portions of the material would fall and slide down, etc. It is sufficiently shown that the appellant knew all this.

It would seem that for an injury accruing to one without his own fault, as a proximate result of the existence and natural effects of such a deposit, made by another, who knew its dangerous quality, through which the injury accrued, liability should attach to the latter. If the injurious consequence averred can not be said to appear to have accrued as an inevitable result of the appellant's alleged act, it may be said to be shown to have been a natural result, which

might reasonably have been expected as a possible effect. The creation of the pile of combustible matter does not appear to have been accomplished at one particular time, but the pile is shown to have been an accumulation of refuse substances deposited in the course of the working of the mine; and it may reasonably be understood from the pleading that the appellant placed and maintained this rubbish in the designated place knowing its dangerous quality and effect. If the words "careless" and "carelessly" and "negligent" and "negligently," as used, may be said to have reference, by strict grammatical construction, to the piling of the material in the designated place, still they refer to the making of a pile composed of material of the known dangerous quality, by reason of which the appellee was injured; and the entire pleading shows that the appellant was negligent in producing a condition of things through which, as a natural result, the appellee suffered the injury charged.

If the appellant's wrong which caused the particular injury which forms the basis of the action may not be called, strictly speaking, the maintenance of a nuisance, and if the cause of action should more properly be said to be based upon negligence, we think that, though the meaning is not made as clear as desirable, it is sufficiently shown that there was a want of due care for the safety of persons rightfully using the highway, and a negligent exposure of such persons to peril from the cause through which the appellee was injured. The court did not err in overruling the demurrer.

Looking into the evidence under the assignment that the court erred in overruling the appellant's motion for a new trial, we observe that it was shown without contradiction that the pile of refuse material had been burning for a number of years, and that it

was its nature to take fire and burn. The superintendent of the appellant, who was a witness on its behalf, testified that the pile had been burning four or five years. "We knew," he testified, "that it was burning. We knew the nature of slack to burn in holes and slide down from above. It takes fire itself."

The verdict was sustained by sufficient evidence. It supported the complaint construed upon the theory on which we have held it sufficient on demurrer. The judgment is affirmed.