## Evansville and Southern Traction Company *v.* Montgomery et al.

[No. 7,600.   Filed May 31, 1912.]

1. STREET RAILROADS.—*Negligence.—Proximate Cause.—Complaint. —Sufficiency.*—A paragraph of complaint in an action against a street car company to recover for the value of a horse killed by the falling of one of defendant's posts, which alleged that defendant, knowing the rotten and decayed condition of the post, and that it was dangerous to travelers carelessly and negligently permitted the same to stand in the highway in such rotten and decayed condition, and that plaintiffs' horse was killed solely by reason of said negligence of defendant, sufficiently showed the negligence of defendant to be the proximate cause of the injury without alleging that the post fell by reason of such rotten and decayed condition.   p. 530.

2. JUDICIAL NOTICE.—*Result of Operation of Natural Forces.*—The court knows that it is a natural result of the maintenance of a decayed and rotten post for such post to fall.   p. 532.

3. NEGLIGENCE.—*Elements.*—To constitute actionable negligence, there must be a duty owing by the defendant to the plaintiff, a breach of that duty, and an injury to plaintiff resulting therefrom.   p. 532.

Evansville, etc., Traction Co. *v.* Montgomery—50 Ind. App. 528.

4. NEGLIGENCE.—*Proximate Cause.*—*Complaint.*—*Sufficiency.*—*Motion to Make Specific.*—A complaint in a negligence case averring that the negligence pleaded caused the injury complained of, without specifically showing a causal connection between the negligence and the injury, may be properly subject to a motion to make more specific, but, in the absence of such motion, is sufficient to withstand a demurrer.  p. 532.

5. STREET RAILROADS.—*Operation.*—*Negligence.*—*Complaint.*—*Sufficiency.*—In an action against a street car company, a paragraph of complaint which charged negligence on the part of defendant in so operating its car as to frighten plaintiffs' horse, causing it to run against a rotten and decayed post, which fell and killed the horse, was a sufficient statement of actionable negligence.  p. 533.

6. STREET RAILROADS.—*Maintenance.*—*Injury to Animals.*—*Evidence.*—In an action for the value of a horse killed by the falling of a decayed post which the defendant had maintained for the support of its trolley wire, evidence that other posts of the defendant of the same kind, the same size put into position at the same time in the same character of soil and equally exposed to the elements near to the one which fell and killed the horse had previously fallen and that defendant had removed others more than half rotten, was properly admitted as showing defendant's knowledge of the dangerous character of posts in that immediate locality.  p. 533.

7. STREET RAILROADS.—*Maintenance.*—*Injury to Animals.*—*Evidence.*—*Sufficiency.*—Evidence that plaintiffs' horses became frightened at a street car and one of them came in contact with a post maintained by defendant for the support of its trolley wire, that the impact was slight, that the post was rotten and because of its rotten condition fell and killed the horse, and that defendant knew of the rotten condition of posts in that immediate locality, was clearly sufficient to support a verdict for plaintiffs in an action to recover the value of such horse.  p. 533.

8. STREET RAILROADS.—*Maintenance.*—*Duty.*—A street railroad company owes a duty to travelers on a highway to maintain posts which will not fall because of their rotten and decayed condition when there is a slight impact against them from an outside force.  p. 534.

From Vanderburgh Circuit Court, *Curran A. DeBruler,* Judge.

Action by John Montgomery and another against the Evansville & Southern Traction Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

VOL. 50—34

*Woodfin D. Robinson* and *William E. Stilwell,* for appellant.

*Fred M. Hostetter* and *William D. Hardy,* for appellees.

IBACH, J.—This was an action by appellees against appellant to recover the value of a horse killed by the falling of one of appellant's posts.

Error is assigned in overruling the demurrers to the first and second paragraphs of complaint, and in overruling the motion for a new trial.

The first paragraph of complaint alleges that appellant corporation operates a system of street-cars on a certain highway near the city of Evansville; that the overhead feed wire which supplies power for this line is supported by posts set near each side of said highway, and there maintained by defendant; "that on said March 4, 1909, employes of plaintiffs were conducting through and along said highway a number of plaintiffs' horses, when one of said posts and the wires thereunto attached fell, and struck and killed one of said horses; that said post was set in said public highway about four feet from the side thereof, and was rotten and decayed, and in a condition dangerous to travelers on said highway, and that defendant had long known that said post was rotten and decayed and in said dangerous condition; that defendant carelessly and negligently permitted said post to stand in said public highway in said rotten and decayed condition, and that plaintiffs' said horse was killed solely by reason of said negligence of the defendant, and without fault or negligence of the plaintiffs."

It is objected that this paragraph does not show a causal connection between the negligence charged and the injury, that the negligence charged is the maintaining of a post in a rotten and decayed condition, and it is not alleged that the post fell by reason of such rotten and decayed condition.

In the case of *Island Coal Co.* v. *Clemmitt* (1897), 19 Ind.

MAY TERM, 1912.          531

Evansville, etc., Traction Co. *v.* Montgomery—50 Ind. App. 528.

App. 21, 49 N. E. 38, the court considered a complaint very like the present in essential features, and to which a like objection was made. There it was charged that the defendant carelessly and negligently placed a pile of refuse coal along the side of the public highway, that the nature of such refuse coal is to take fire and burn at and near the bottom and along the sides of the pile, and after so burning, large portions slide down the sides, and the sliding of a large amount of such refuse, by reason of said burning, caused plaintiff's horse to run away, injuring plaintiff. It was argued that the negligence attributed to the defendant was the placing of the material, that the cause of the horse's fright was the burning and falling of the material, and therefore the injury was not traceable to the defendant's negligence as a proximate cause. The court said: "If the injurious consequence averred cannot be said to appear to have accrued as an inevitable result of appellant's alleged act, it may be said to be shown to have been a natural result, which might reasonably have been expected as a possible effect. * * * It may reasonably be understood from the pleading that the appellant placed and maintained this rubbish in the designated place knowing its dangerous quality and effect. If the words 'careless' and 'carelessly' and 'negligent' and 'negligently,' as used, may be said to have reference, by strict grammatical construction, to the piling of the material in the designated place, still they refer to the making of a pile composed of material of the known dangerous quality, by reason of which the appellee was injured; and the entire pleading shows that the appellant was negligent in producing a condition of things through which, as a natural result, the appellee suffered the injury charged. * * * It is sufficiently shown that there was a want of due care for the safety of persons rightfully using the highway, and a negligent exposure of such persons to peril from the cause through which the appellee was injured. The court did not err in overruling the demurrer."

532 APPELLATE COURT OF INDIANA,

Evansville, etc., Traction Co. *v.* Montgomery—50 Ind. App. 528.

This court knows that it is a natural result of the maintenance of a decayed and rotten post for such post to fall, and we think the reasoning of the opinion in *Island Coal Co.* v. *Clemmitt, supra,* entirely applicable to the present case.

The complaint in the case ox *Indianapolis, etc., Tel. Co.* v. *Sproul* (1912), 49 Ind. App. 613, 93 N. E. 463, was very similar to the present one, the objection there being made that no connection was shown between the knotty and defective and weakened and rotted condition of the cross-arm, and its breaking. It was there said, and it has often been held by the Supreme Court and this court, that "so far as the question of proximate cause is concerned, the averment that the negligence specified caused the injury complained of is sufficient." See, also, *Baltimore, etc., R. Co.* v. *Peterson* (1901), 156 Ind. 364, 59 N. E. 1044; *Chicago, etc., R. Co.* v. *Stephenson* (1904), 33 Ind. App. 95, 98, 69 N. E. 270; *Greenawaldt* v. *Lake Shore, etc., R. Co.* (1905), 165 Ind. 219, 74 N. E. 1081.

Three elements are necessary to constitute actionable negligence: (1) A duty of the defendant towards the plaintiff; (2) a breach of that duty; (3) an injury to plaintiff from such breach. It was the duty of appellant in the present case to maintain posts along the public highway which would not fall because of their rotten and decayed condition. It is charged that they were negligent in maintaining posts in such rotten and decayed condition that they were dangerous to travelers, and that plaintiffs' horse was killed solely by reason of such negligence on the part of defendants. This is a sufficient pleading of proximate cause. Appellant might have moved to make the complaint more specific, but in the absence of such motion, the complaint is sufficient to withstand demurrer. *Indianapolis, etc., Traction Co.* v. *Newby* (1910), 45 Ind. App. 540, 90 N. E. 29, 91 N. E. 36. See, also, *Evansville, etc., R. Co.* v. *Krapf* (1896), 143 Ind. 647, 656, 36 N.

E. 901, and cases cited; *Louisville, etc., R. Co.* v. *Thompson* (1886), 107 Ind. 442, 8 N. E. 18, 9 N. E. 357, 57 Am. Rep. 120; *Board, etc.,* v. *Huffman* (1892), 134 Ind. 1, 31 N. E. 570.

The second paragraph of complaint charges negligence on the part of appellant in so operating its car as to frighten plaintiffs' horses, causing one of them to shy and run against a rotten and decayed post by the side of the road, which post, when the horse came in contact with it, broke and fell and killed the horse. This paragraph sufficiently states actionable negligence in frightening plaintiffs' horse, and thereby causing its death, and is good against demurrer. It makes no attempt to charge negligence in maintaining the post in a dangerous condition.

Appellant objected to the admission of the testimony of certain witnesses that other posts near to the one which fell and killed the horse had fallen previously to its falling, and that the company had removed others "more than half rotten." It was shown that these were the same kind of posts, of the same size, put in position at the same time, in the same character of soil, and had been equally exposed to the elements. This evidence was proper as showing knowledge to the company of the dangerous character of posts in that immediate locality. *Western Union Tel. Co.* v. *Levi* (1874), 47 Ind. 552.

The evidence shows that appellees' employes were conducting horses for market along the highway in the customary manner used by horse buyers, when some of them became frightened at the street-car. One of them came in contact with the post, either with his halter rope, or his body, and this post, being "rotten clear through" at the ground, fell because of such condition, and killed the horse. This pole was fourteen inches through and twenty feet high. The broken section was exhibited to the court. We think the evidence clearly sufficient to sustain a verdict. Appellant certainly owes a duty to travelers on a

highway to maintain posts which will not fall because

8. of their rotten and decayed condition if there is a slight impact against them from an outside force, and the evidence shows that only a slight impact was sufficient to throw down this post, and that appellant had notice of the dangerous character of posts in that immediate locality.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 98 N. E. 731. See, also, under (1) 29 Cyc. 573; (2) 16 Cyc. 854; (3) 29 Cyc. 419; (4) 29 Cyc. 573; 31 Cyc. 644; (5) 36 Cyc. 1573; (6) 36 Cyc. 1590, 1591; (7) 36 Cyc. 1596; (8) 36 Cyc. 1497. As to the doctrine that there is no liability for negligence where there is no duty or privity, see 100 Am. St. 192. As to the duty of a street railway company to maintain its tracks so as not to imperil life and property, see 25 Am. St. 480.