CHESAPEAKE AND OHIO RAILWAY COMPANY v. PERRY.

[No. 9,983. Filed December 9, 1919.]

1. RAILROADS.—*Crossing Accidents.*—*Evidence.*—*Sufficiency.*—In an action for damages sustained by a girl seventeen years of age, by being struck by a train while driving a buggy over a crossing, a verdict for the plaintiff is binding upon the Appellate Court upon the questions of negligence, contributory negligence and proximate cause, where there is evidence that the engineer cut off steam some distance away and approached the crossing at thirty to thirty-five miles an hour, that the statutory crossing signals were not given, that an electric gong at the crossing did not ring and was and for some time had been in bad working order, that the view in the direction of the approaching train was obstructed, that the girl approached the crossing at a reasonable rate of speed, looking and listening continuously for the approach of a train in either direction and for signals thereof, that she knew of said gong and observed it was not ringing, but did not fully rely upon that and continued to look and listen for other signals of an approaching train, but neither heard nor saw any nor discovered the approach of the train until her horse was entering on the track, when she made a vain effort to avoid the collision. p. 508.

2. APPEAL.—*Briefs.*—*Instructions.*—*Review.*—The Appellate Court is not required to consider alleged errors in refusing instructions on which no proposition or point is stated in the brief. p. 511.

3. TRIAL.—*Instructions.*—*Refusals Covered by Instructions Given.*—It is not error to refuse to give instructions covered by other instructions given. p. 511.

4. TRIAL.—*Instructions.*—*Refusal of Inaccurate Instruction.*—In a crossing accident case reversible error cannot be predicated upon the refusal to instruct that the injured person "saw whatever she might have heard had she listened," in view of the inaccuracy in the statement. p. 511.

5. APPEAL.—*Review.*—*Instructions.*—*Exceptions.*—Where the record fails to show that any exception was taken to the refusal of a requested instruction, the error, if any, is not available on appeal. p. 511.

6. APPEAL.—*Assignment of Error.*—*Motion for Judgment on Answers to Interrogatories.*—*Motion for New Trial.*—A ruling on a motion for judgment on the answers to interrogatories is not ground for new trial, but may be assigned independently as error on appeal. p. 511.

7. RAILROADS. — *Crossing Accident.* — *Contributory Negligence.* — *Ability to Hear Train Immediately Before Entering Upon Track.* — *Answers to Interrogatories.*—A verdict for the plaintiff in a crossing accident case is not overthrown by an answer to an interrogatory that if the injured person had listened she could have heard the train coming immediately before she drove on the crossing, since the general verdict is taken as a finding that she could not have heard the noise of the train in time to have avoided injury. p. 511.

8. RAILROADS.—*Crossing Accident.*—*Warning.*—*Negligence.*—*Evidence.*—*Admissibility.*—In a crossing accident case, under proper averments in the complaint, evidence that an electric gong at the crossing, designed and placed to give warning of the approach of trains to the crossing, was out of repair five or six days before the accident, is admissible to show that the gong had been out of order for such a length of time that defendant, by the exercise of ordinary care, might have had it repaired. p. 513.

9. TRIAL.—*Evidence.*—*Limiting by Instruction.*—*Necessity for Request.*—Where evidence is admissible under the issues for any purpose, defendant, if desiring to guard against an improper application thereof by the jury, should ask for an instruction limiting such evidence to its legitimate scope. p. 513.

From Delaware Superior Court; *Robert M. Van Atta*, Judge.

Action by Aaron W. Perry against the Chesapeake and Ohio Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harry C. Starr, Warner & Warner* and *John F. Robbins,* for appellant.

*Wilbur Ryman,* for appellee.

BATMAN, J.—This is an action by appellee against appellant to recover damages sustained by him, by reason of personal injuries to his minor child, Valley M. Perry, alleged to have been inflicted on account of the negligence of appellant. The complaint alleges, and the evidence establishes, the following general facts: That a public highway known as Sycamore

street extends north and south through the east part of Gaston, in Delaware county, intersecting practically at grade appellant's railroad in the southeast part of the town. The railroad extends in a general direction of southeast and northwest. On June 30, 1913, appellee's daughter, then seventeen years of age, was driving a horse and buggy south along said highway. As the horse which she was driving entered upon the crossing, one of appellant's trains, approaching from the southeast, collided with the horse and buggy, hurling appellee's daughter from the latter, and inflicting upon her serious injuries. After issues were joined on the complaint, the cause was submitted to a jury for trial, resulting in a verdict in favor of appellee. The jury also returned with its general verdict its answers to certain interrogatories submitted by the court. Appellant filed its motion for judgment on the answers to the interrogatories notwithstanding the general verdict, which was overruled. It also filed its motion for a new trial, which was likewise overruled. Judgment was thereupon rendered in favor of appellee for $1,000 and costs.

The only error assigned by appellant and not waived by a failure to state any proposition or point with reference thereto relates to the action of

1.   the court in overruling its motion for a new trial. Under this motion appellant challenges the sufficiency of the evidence on the issues of negligence, contributory negligence, and proximate cause. While the evidence is not without contradiction on the question of appellant's negligence, still we are of the opinion that there is ample evidence to warrant the jury in finding that appellant failed to

cause the signals required by §5431 Burns 1914, §4020 R. S. 1881, to be given, as alleged in the complaint.

The record discloses substantial evidence of the following facts, pertinent to the issues of contributory negligence and proximate cause: That north of appellant's railroad track, and east of Sycamore street, there was a two-story canning factory, commencing about ten feet east of said street and thirty feet north of said railroad track, and extending eastward, almost parallel with said railroad for a distance of about 100 feet; that north of the canning factory there was a creamery building, with a driveway extending between it and the canning factory; that north of the creamery for a distance of several hundred feet there were a number of residences, barns and out-buildings and also orchards in full foliage; that, between the canning factory and the main line of appellant's railroad, there was a switch on which stood a box car at the time of the accident in question; that at one point the canning factory was in a very few feet from the north rail of said switch; that three small trees with branches in full leaf stood near said street between the canning factory and appellant's railroad track; that one of said trees was at the end of said switch near Sycamore street and some of its leafy branches extended toward said railroad track; and that all of said objects were obstructions to the vision of any one looking eastward along the line of said track, while approaching said railroad crossing from the north on Sycamore street; that, on the west side of said street and near the railroad track, there was located on a post an electric gong, designed to ring automatically while a train was moving or standing at the crossing, or within a dis-

tance of several hundred feet east or west therefrom, but that it did not always work as designed, in this, that sometimes it did not ring as a train was approaching or passing the crossing, and that at other times it would continue to ring long after a train had passed; that appellee's said daughter knew of the presence and purpose of said gong, but there is no evidence that she knew that sometimes it failed to operate as designed; that on the occasion in question she approached the crossing from the north on Sycamore street in a buggy, traveling at a reasonable rate of speed; that in so doing she continuously looked and listened carefully for the approach of a train from either direction, but that she did not discover the train in question until the horse which she was driving was in the act of entering on the main track of appellant's railroad at said crossing; that on discovering the approach of said train she made an effort to avoid a collision therewith, but failed, and as a result received serious injuries. There was evidence that the statutory signals designed to give warning of the approach of trains at public crossings were not given on this occasion, and that said electric gong did not ring; that appellee's said daughter listened for said signals and the ringing of said gong, but did not hear the same; that as she approached the crossing she had the presence of said gong in mind, and observed that it was not ringing; that she did not fully rely on that fact, but continued to look and listen for other signals of an approaching train, but neither saw nor heard any. There was also evidence that the engineer had cut off the steam some distance east of the crossing on Sycamore street, and that the train approached said crossing at a speed

of about thirty or thirty-five miles an hour. In view of the evidence, which tends to establish these facts, we are bound by the determination of the jury on the question of contributory negligence and proximate cause. *Chesapeake, etc., R. Co.* v. *Perry* (1918), 66 Ind. App. 532, 118 N. E. 548, and cases there cited.

Appellant, in its motion for a new trial, has alleged that the court erred in refusing to give a number of instructions requested by it, but we are only required to consider those numbered 4, 16, 17, 26, 29, 32 and 38, as they are the only ones on which appellant has stated any proposition or point in its brief. There was no error in refusing to give said instructions 4, 16, 26, 29, 32, and 38, as each of them were sufficiently covered by other instructions given by the court. There was no error in refusing to give said instruction No. 17, as it states that the law presumed that Valley M. Perry, when she approached and was about to cross appellant's railroad track, "saw whatever she might have heard had she listened." This inaccurate statement is probably the result of inadvertence, but we must accept the instruction as it appears in the record. By reason of this statement, reversible error cannot be rightfully predicated on its refusal. Moreover, the record fails to show that appellant excepted to the giving of said instructions Nos. 16 and 17, and for that reason any error in refusing to give the same would not be available on appeal.

Appellant's eighth reason for a new trial is based on the action of the court in overruling its motion for judgment on the answers returned by the jury to the interrogatories propounded to it, notwithstanding the general verdict. This rea-

son for a new trial is presented by appellant in its brief, but this presentation raises no question for our determination, as such action of the court is not a recognized ground for a new trial. *Inland Steel Co. v. Harris* (1911), 49 Ind. App. 157, 95 N. E. 271. However, as appellant has based an independent assignment of error on the action of the court in overruling its said motion, and the argument advanced in its brief is applicable to such assignment, we will give it consideration.

The only interrogatory and answer on which appellant relies in support of its contention in this regard is No. 8, which reads as follows: "If she had listened, could said Valley May Perry have heard the noise of the defendant's locomotive and train as it approached said crossing at Sycamore street immediately before she drove on said crossing on the occasion of her injury? Answer: Yes." Accepting the fact found by said interrogatory and answer as true, as we must, it does not of itself create a conflict with the general verdict. In order for it to serve such purpose, it must be connected with a further finding that she could have heard the noise of appellant's train as stated in time to have avoided injury. The latter fact is not found by any interrogatory cited, and the general verdict must be taken as a finding to the contrary. It cannot be said with reason that appellee's daughter could have necessarily escaped injury, because she may have discovered the approach of appellant's train *immediately* before she drove on the crossing on the occasion of her injury. "Immediately" is defined as "without interval of time, promptly, instantly, at once, without delay." It certainly cannot be a forced conclusion that she could

have avoided injury because she heard the train approach at substantially the same time she drove on the crossing, as the word "immediately" indicates. And especially must this be true when we consider her probable state of mind, arising from sudden peril. Appellant has failed to point out any substantial reason as a basis for its contention that the court erred in ruling on the motion under consideration.

Appellant also predicates error on the action of the court in admitting the evidence of certain witnesses to the effect that the electric gong was 8-9. out of repair five or six days before the accident in question. It bases its objection to the admission of such evidence on the grounds that it is irrelevant and immaterial, and at a time too remote from the time the accident is alleged to have occurred. Under the averments of the complaint it was proper for appellee to show that the electric signal gong was out of order, and that it had been in that condition for such a length of time that appellant, by the exercise of ordinary care, might have had the same repaired. *Cleveland, etc., R. Co.* v. *Schneider* (1907), 40 Ind. App. 38, 80 N. E. 985. The evidence under consideration was clearly admissible for the purpose of establishing the latter fact. *Evansville, etc., Traction Co.* v. *Montgomery* (1912), 50 Ind. App. 528, 98 N. E. 731; *Indiana Union Traction Co.* v. *Pring* (1912), 50 Ind. App. 566, 96 N. E. 180; *Broadstreet* v. *Hall* (1907), 168 Ind. 192, 80 N. E. 145, 10 L. R. A. (N. S.) 933, 120 Am. St. 356. If appellant had desired to guard against its improper application by the jury, it should have asked an instruction limiting it to its legitimate purposes. *City of Delphi* v. *Lowery* (1881), 74 Ind. 520, 39 Am. Rep. 98. The

court did not err in overruling appellant's motion for a new trial.

Judgment affirmed.